UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE RIDLEY,

        Plaintiff,

v.

                                                Case No. 08-10492

INTERNATIONAL BROTHERHOOD OF    Honorable Julian Abele Cook, Jr.
TEAMSTERS, et al.,

        Defendants.

## ORDER

On January 2, 2008, the Plaintiff, Jacqueline Ridley, initiated a lawsuit in Wayne County Circuit Court of Michigan against the Defendants[1] whom she believes were equally responsible for the allegedly wrongful termination of her employment. On the first of the following month, the Defendants collectively removed the action to this Court.

Although Ridley initially asserted nine claims in her complaint, seven of these allegations were dismissed by the Court on September 23, 2008. As a result, Ridley has only two remaining viable claims; namely, (1) a violation of Title VII of the Civil Rights Act by all of the Defendants and (2) the infliction of emotional damages by Boomer in violation of the Family and Medical Leave Act ("FMLA").

---

[1] The Defendants have been identified by Ridley as (1) the Boomer Company ("Boomer"), (2) the International Brotherhood of Teamsters, Local No. 247 ("the Teamsters"), and (3) Thomas A. Ziembovic, the Union's business representative.

With respect to the remaining claims, Boomer filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)[2] and/or motion for summary judgment pursuant to Fed. R. Civ. P. 56(c)[3] on September 11, 2008. Eight days later - on September 19th - Ridley filed a response in opposition, to which Boomer replied on September 26th.[4]

The Teamsters and Ziembovic ("Union Defendants"), in their motion for summary judgment which was filed on September 17, 2008, also seek the dismissal of this action because of Ridley's alleged failure to state a viable claim against them. The Court will address each of these motions in turn.

I.

Ridley was employed by Boomer as a truck driver from March 2003 until May 7, 2008. Throughout her employment with Boomer, she was a member of the bargaining union local that was represented by the Teamsters. Thus, the terms and conditions of her employment were governed by a collective bargaining agreement between Boomer and the Teamsters.

---

[2] Fed. R. Civ. P. 12(b)(6) states, in relevant part: "Every defense to a claim for relief in a pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"

[3] Fed. R. Civ. P. 56(c) provides, in pertinent part, that "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

[4] During a hearing on August 26, 2008, the parties proffered oral arguments which addressed the separate motions for dismissal that had been filed by the Defendants. At the conclusion of the parties' arguments, the Court stated its reasons for granting the Defendants' motions to dismiss on the record. Thus, both Boomer and the Union Defendants were able to file their motions on September 11, 2008 and September 17, 2008, respectively prior to the entry of the written order by the Court on September 23, 2008.

As was evident from a reading of the complaint, it is Ridley's contention that she was forced to leave her job because of the Defendants' wrongful acts of "discrimination, spurious write ups, and lack of work as a truck driver." Ridley submits that she received unwarranted negative "writeups" for "situations beyond the scope of her responsibility and control." Moreover, she asserts that "[o]ther similarly situated employees who were Caucasions [*sic*] did not have the [same] problems . . . ." It is Ridley's belief that she was wrongfully denied a promotion in 2005 in violation of the terms and conditions in the collective bargaining agreement which would have placed her as the "next [employee] in line in terms of seniority." Notwithstanding her rights as an employee and as a union member, Ridley maintains that "she received unfair and discriminatory treatment through the course of the grievance proceedings."

On March 20, 2006, Ridley filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Michigan Department of Civil Rights ("MDCR"). On June 30, 2006, the MDCR dismissed her charge for insufficient evidence. Several months later (November 16, 2006), the EEOC adopted the findings of the MDCR and issued Ridley a right-to-sue letter. On May 8, 2007, Ridley presented her employer with a resignation letter, claiming that she was forced to "involuntarily quit [her job] under duress and emotional suffering due to actions of The Boomer Company."

II.

When reviewing a motion to dismiss on the basis of an alleged failure of an aggrieved party to state a claim, the courts must construe the complaint in a light that is most favorable to the plaintiff and accept all factual allegations as being true. *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007). However, it is imperative that the complaint should "contain[] direct or inferential

allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336, 337 n.4 (6th Cir. 2007).

Although the standard of review under a 12(b)(6) motion mandates a liberal analysis, it does oblige the litigant to make more than a bare assertion of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). However, the trial court need not accept purely legal conclusions and unwarranted factual inferences when attempting to evaluate a dispositive motion. *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003). In addition, the Sixth Circuit has opined that "documents attached to the pleadings become part of the pleading and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc.*, 508 F.3d at 335 (citing Fed. R. Civ. P. 10(c)). Moreover, "a court may [also] consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336.

On the other hand, a petitioner is entitled to a summary judgment under Fed. R. Civ. P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) (citing Fed. R. Civ. P. 56(c)). In its review of the evidence, a court must draw all reasonable inferences in favor of the non-moving party. *Id.* Any direct evidence proffered by the plaintiff when responding to a summary judgment motion should be accepted as being true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004)).

Additionally, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48

(1986). The Supreme Court has explained that whether the facts are deemed to be material will depend on the substantive law. *Id.* That is, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[, and f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* In addition, a dispute is genuine only when it is "based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Tysinger*, 463 F.3d at 572.

III.

In support of its motion to dismiss Ridley's claim of being subjected to wrongful acts of discrimination in violation of Title VII, Boomer - in asserting that Ridley has not proffered a valid claim upon which relief can be granted - points to her failures to allege that she had (1) filed employment discrimination charges with the EEOC, and (2) received a right-to-sue letter. In the alternative, Boomer contends that it is entitled to a summary judgment pursuant to Fed. R. Civ. P. 56(c) because Ridley did not file this lawsuit within the requisite period of ninety days from November 16, 2006, the date on which she received the right-to-sue from the EEOC, as required by 42 U.S.C. § 2000-e5(f)(1).[5]

A Title VII litigant must satisfy certain procedural prerequisites before filing a lawsuit in a federal court; namely, "(1) [] filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right-to-sue." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1));

---

[5]

42 U.S.C. § 2000e-5(f)(1) states, in relevant part: "If a charge filed with the [EEOC] . . . is dismissed . . . the [EEOC] shall so notify the person aggrieved and within *ninety days* after the giving of such a notice a civil action may be brought against the respondent named in the charged [] by the person claiming to be aggrieved . . . ." (emphasis added).

*McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)). However, the Supreme Court has explained that the "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1998).     Based upon this principle, the Sixth Circuit has declared "that the right-to-sue letter [itself] is a condition precedent and not a jurisdictional requirement." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Thus, the procurement of such a letter can be waived by the parties or the court. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir. 2000) (citing *Rivers*, 143 F.3d at 1031).

Although Boomer has correctly asserted that the challenged complaint is deficient, in that it does not make any reference to the filing of her (1) discrimination charge with the EEOC or (2) receipt of a right-to-sue letter, Ridley did attach pertinent documents as exhibits (e.g., a copy of a work plan from the EEOC dated March 20, 2006) to her initial pleading. However, it should be noted that Ridley did not include a copy of a right-to-sue letter from the EEOC.

When reviewing motions to dismiss under Fed. R. Civ. P. 12(b)(6), courts are permitted to construe these exhibits as a part of the complaint. *Commercial Money Ctr., Inc.*, 508 F.3d at 335 (citing Fed. R. Civ. P. 10(c)). Nevertheless, inasmuch as (1) Ridley did provide proof that she had filed a charge of discrimination with the EEOC and (2) the requirement of a right-to-sue letter is a condition precedent (not a jurisdictional requirement), the Court believes it would be inappropriate under the liberal pleading standards of Fed. R. Civ. P. 8,[6] to dismiss her complaint

---

[6] Fed. R. Civ. P. 8(a) states, in relevant part, "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

because she failed to specifically allege that she received such a letter.

With respect to Boomer's motion for summary judgment which also addressed the Title VII claim, Ridley maintains that (1) she did file a claim of discrimination with the EEOC, and (2) an order of dismissal should not be granted "for reasons pertaining to timeliness." To bolster her argument, she relies upon the holding in *Zipes, supra,* to support her view that a timely filing of a charge with the EEOC is only a condition precedent which may be waived by the parties or the court.

First, Boomer correctly notes that Ridley has only proffered evidence of one charge of discrimination (i.e., March 20, 2006) for which there exists a corresponding right-to-sue letter from the EEOC on November 16, 2006. As to any other alleged discriminatory acts which may have occurred after March 20th, Ridley has neither presented nor alleged that she has filed another charge of discrimination with the EEOC. With recognition that evidences relating to the receipt of a right-to-sue letter and the existence of an EEOC charge are conditions precedent which may be waived by the Court for reasons of equity, *Rivers*, 143 F.3d at 1032, Ridley has not advanced any reasons that would justify such a waiver.[7] Thus, it is unclear from the complaint when the claimed

---

[7]

Ridley cites *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008), which held that if a plaintiff (1) files a discrimination charge with the state anti-discrimination agency and the EEOC and (2) is entitled to a right-to-sue letter from the EEOC, the litigation may proceed without such a letter, as long as a right-to-sue letter is received from the state agency. However, it is unclear how *Surrell* is applicable to the instant case inasmuch as the facts in these two cases appear to be inapposite. Ridley also cites *Ketelsen v. Geren*, 2008 U.S. Dist. LEXIS 17477, at *2-3 (D. Alaska Mar. 4, 2008), which denied a defendant's motion to dismiss even though the plaintiff - having raised claims under Title VII - failed to assert the exhaustion of administrative remedies in her pleadings. Nevertheless, the court allowed the plaintiff to amend the complaint to establish the commencement of the action in Alaska within 90 days of her receipt of a right-to-sue letter. *Id.* However, in contrast to the case at bar, Ridley did receive a right-to-sue letter from the EEOC, but delayed the initiation of her lawsuit for nearly fourteen months.

discriminatory acts occurred. Noting that all of the submitted evidence indicates that Ridley filed only one claim with the EEOC, Boomer's motion for summary judgment for all of Ridley's claims of discrimination that occurred after the March 20, 2006 filing with the EEOC must, and will be, granted.

As to the discrimination claims within the March 20th charge (and for which the EEOC issued the November 16, 2006 right-to-sue letter), Ridley acknowledged that she was untimely in her filing of this lawsuit. Rather, she, in citing to *Zipes, supra*, has asked this Court to allow her claim to go forward despite the tardiness of her action. However, the Supreme Court, in *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), opined that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants." *Id.*

In the case at hand, the EEOC letter which corresponds to the March 20, 2006 discrimination charge by Ridley is dated November 16, 2006. This communication stated, in pertinent part, that if the claimant desires to file a lawsuit, it must be done within a period of ninety days from the date of his/her receipt of the letter. The record indicates that Ridley did not initiate this lawsuit until January 2, 2008 - more than one year later. Although Ridley submits that this time limitation for filing should be waived, she has - once again - failed to provide the Court with any reasons on which it would base such a decision. Moreover, Boomer has declined to waive the filing requirement. Thus, the Court must, and does, grant Boomer's motion for summary judgment as it relates to Ridley's claim of discrimination under Title VII.

IV.

Boomer also seeks a dismissal of Ridley's claim for damages under the FMLA, contending

that it is not an employer who is covered by this legislative enactment. However, Boomer submits as an alternative remedy that it is entitled to a summary judgment under Fed. R. Civ. P. 56(c) because there is no genuine dispute that it did not employ fifty or more persons during any of the times that are relevant to this controversy.

The FMLA makes it "'unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under [the FMLA]." *Cavin v. Honda of America Mfg.*, 346 F.3d 713, 719 (6th Cir. 2003) (citing 29 U.S.C. § 2615(a)(1)). If an employer interferes with an FMLA- granted right of an employee to take medical leave or to full reinstatement after a leave, this constitutes a violation of the Act. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). Furthermore, in order to prevail on such a claim under the FMLA, a plaintiff must demonstrate that "(1) he is an 'eligible employee,' 29 U.S.C. § 2611(2); (2) the defendant is an 'employer,' 29 U.S.C. § 2611(4); (3) the employee was entitled to leave under the FMLA, 29 U.S.C. § 2612(a)(1); (4) the employee gave the employer notice of his intention to leave, 29 U.S.C § 2612(e)(1); and (5) the employer denied the employee benefits to which he was entitled." *Id.* (citations omitted).

In the case at bar, Boomer contends that because Ridley failed to allege that it is an employer subject to the FMLA, she has not stated a claim upon which this Court can grant relief. Count 5 of Ridley's complaint, "Damages under the FMLA," reads as follows:

> 37. Counts 1 through 36 are hereby realleged and incorporated herein.
> 38. Plaintiff sustained injury and suffered damages due to actions of Defendants that was violative or [*sic*] the provisions of the FMLA.
> 39. There were incidents which occurred, when Plaintiff came back to work immediately following serious surgical procedures, where Plaintiff received a Negative [*sic*] writeup and was harassed on the job.
> 40. Such incidents occurred shortly following surgery for serious medical problems of the Plaintiff.

Although Ridley has not pled with specificity that she is a covered employee or that Boomer is an employer who is subject to the requirements of the FMLA, she has provided her former employer with adequate notice of the pending charge against it. Liberal notice pleading standards do not mean that "merely slapping a title on a claim . . . take[s] the place of providing factual allegations supporting the claim." *Lawson-Brewster v. River Valley Sch. Dist.*, 2008 U.S. Dist. LEXIS 33060 at *90 (W.D. Mich. April 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Here, Ridley has provided Boomer with some factual context for her claims. It is her contention that after returning to work after surgery, she received baseless negative warnings and was subjected to unwarranted acts of harassment. The parties - in addition to their respective response and reply briefs - have made additional substantive allegations (including affidavits) regarding the FMLA claim, all of which should be taken into consideration by the Court when attempting to resolve this issue.

In its pending motion for summary judgment, Boomer asserts that there is no genuine dispute with regard to its coverage under the FMLA because it employs fewer than fifty persons. *See* 29 U.S.C. § 2611(2).[8] In support of this motion, Boomer has attached two documents from the Vice President of Operations of the company, John Formentin. The first document is an affidavit by Formentin who asserts that, on the basis of his "personal knowledge and upon the business records of the Company[,] . . . [a]t all times during the three year period preceding May 8, 2007[, the date of Ridley's resignation,] the Company had less than 50 employees." In response to

---

[8] 29 U.S.C. § 2611(4) provides that "[t]he term employer . . . means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."

10

Ridley's counter-allegation, Formentin has also tendered a second document in which he enclosed company records[9] and self-prepared summaries[10] of the company records that are presumably designed to prove that Boomer is not subject to the FMLA. Ridley rejects this argument, contending that Boomer does employ more than the requisite fifty persons because of its "many temporary employees."

The Sixth Circuit has held that in order to survive a summary judgment motion under Fed. R. Civ. P. 56(e)(2),[11] a non-movant must proffer evidence beyond mere allegations which set forth "specific facts showing a genuine issue for trial." *Clemmer v. Key Bank, N.A.*, 539 F.3d 349, 353 (6th Cir. 2008). Furthermore, the judge, in assessing the merit of the parties' respective positions, must construe the evidence in the light that is most favorable to the non-movant. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008).

In this case, Boomer has provided the Court with two affidavits from an employee who has access to and personal knowledge of the number of employees on the Company's payroll.[12] Ridley,

---

[9] These documents are entitled "Employee Listing, Boomer CO – Q710" and covered the following periods: (1) January 7, 2005 to December 30, 2005; (2) January 6, 2006 to December 29, 2006; and (3) January 5, 2007 to May 11, 2007. Complete records for 2007 were presumably not provided because Ridley resigned from Boomer's employment on May 8, 2007.

[10] The summaries are entitled "Boomer Company Employees/Temporary Staff by Week" and correspond to the date ranges for the employee listings referenced in footnote 9.

[11] Fed. R. Civ. P. 56(e)(2) provides that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

[12] Formentin asserts that, as the Vice President of Operations, he "oversee[s] all personnel and labor

11

on the other hand, contradicts this evidence by simply averring that there are enough employees "to trigger application of these provisions." Significantly, Ridley does not address the content within Formentin's affidavit. Instead, she seems to completely ignore its existence, asserting that "[t]here is no reason to believe that this employer is exempt [from the FMLA]." Therefore, since Ridley has not submitted anything more than bare allegations to contradict Formentin's sworn declarations, she has not established a genuine issue of a material fact for resolution at trial.

Accordingly, the Court must, and does, grant Boomer's motion for summary judgment as to Ridley's claim for damages under the FMLA.

V.

The Teamsters and Ziembovic, the Union's business representative, ask the Court to grant a summary judgment in their favor pursuant to Fed. R. Civ. P. 56(c) relating to Ridley's claim arising out of their alleged acts of discrimination under Title VII of the Civil Rights Act. It is their collective position that Ridley cannot maintain this claim against them because she has failed to exhaust all of her administrative remedies. Specifically, they submit that she did not file a complaint against them with the EEOC. To bolster this contention, they submitted an affidavit from Ziembovic, as the Recording Secretary for the Teamsters Local 247, who avers that he is responsible for "negotiating collective bargaining agreements, handling grievances under collective bargaining agreements, and representing members under those agreements," including the labor-management contract between Boomer and the Teamsters. He also asserts that Ridley has never filed a discrimination claim against him or the Teamsters with the EEOC or the MDCR.

Ridley's response in opposition to the union Defendants' motion consists mostly of citations

---

relations matters."

12

to case law from other circuits, none of which are instructive to this controversy.[13] Furthermore, a large majority of her brief is identical to several sections of the opposition papers that she submitted in her response to Boomer's motion.[14] Ridley does not directly counter the arguments by the Union Defendants' in their summary judgment brief. Rather she merely contends that their "motion is groundless" because it is "premised upon inaccurate and false information."

As explained above,[15] the Supreme Court in *Zipes v. TransWorld Airlines*, *supra,* held that the exhaustion of administrative remedies is only a condition precedent to Title VII lawsuits, but not a jurisdictional bar. 455 U.S. at 392. However, as the Teamsters and Ziembovic correctly note, the elaborate administrative scheme set up by Congress for resolution of workplace discrimination claims is aimed at conciliation rather than litigation. *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989) (citing 42 U.S.C. § 2000e-5(b)). Thus, although these administrative procedures are subject to estoppel and waiver, a trial court should not use these equitable tools simply because it is sympathetic to the plaintiff's claim. *Baldwin County Ctr.*, 466 U.S. at 152.

In the instant action, the Teamsters and Ziembovic have submitted evidence (via Ziembovic's affidavit) which provides presumptive evidence that Ridley has not filed any charges

---

[13] Two pages from Ridley's five page brief are missing entire paragraphs that appear to have been cut off from the page. Consequently, it is difficult to discern the thrust of Ridley's arguments that immediately precede and follow the missing text.

[14] Four of the five pages in Ridley's brief contain the exact paragraphs from her opposition papers that had been previously submitted in connection with Boomer's motion.

[15] For a discussion on the current law relating to issues on the exhaustion of administrative remedies, see Boomer's motion to dismiss Ridley's Title VII claim.

of discrimination against them with either the EEOC or its Michigan counterpart. Following a "properly made and supported" motion for summary judgment, the non-movant may not merely rely upon allegations, but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Here, Ridley has not provided the Court with any specific facts which would show that there is a genuine issue of a material fact. In her opposition paper, Ridley, while insisting that she has followed all requisite administrative procedures, does not specify whether her charges were made against the Teamsters and Ziembovic - and not just against Boomer.

Furthermore, this is not an appropriate case for the Court to consider waiving the condition precedents of (1) filing a charge with the EEOC and (2) obtaining a right-to-sue letter. Ridley has neither requested the Court to waive these requirements nor do the facts in this case warrant the use of its equitable powers. Moreover, there is no evidence that these Union Defendants have waived these prerequisites. Therefore, the Court will grant the Teamsters and Ziembovic's motion for summary judgment as it relates to Ridley's charges against them for their alleged acts of discrimination under Title VII of the Civil Rights Act.

## VI.

For the reasons that have been stated above, the Court must, and does, (1) deny Boomer's motion to dismiss for failure to state a claims relating to (a) Ridley's claim of discrimination under Title VII of the Civil Rights Act and (b) Ridley's request for damages under the FMLA, and (2) grant Boomer's motion for the entry of a summary judgment regarding (a) Ridley's claim of discrimination under Title VII of the Civil Rights Act and (b) Ridley's application for damages under the FMLA. The Court also grants the Union Defendants' motion for summary judgment as it pertains to Ridley's claim for their alleged violation of Title VII of the Civil Rights Act.

14

IT IS SO ORDERED.

Dated: January 23, 2009        s/Julian Abele Cook, Jr.
       Detroit, Michigan         JULIAN ABELE COOK, JR.
                                          United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 23, 2009.

                                                s/ Kay Alford
                                                Case Manager